<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| FREDDIE KING, | : | Civil No.: 07-3655 (SDW) |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | **O P I N I O N** |
|  | : |  |
| SGT. GILLEN, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**APPEARANCES:**

Freddie King, <u>Pro</u> <u>Se</u>
#177944
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ 07032

**WIGENTON,** District Judge

Plaintiff, Freddie King, currently confined at the Hudson County Correctional Center, Kearny, New Jersey seeks to bring this civil rights action alleging violations of his constitutional rights <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 28 U.S.C. § 1915.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff states that on January 10, 2001, he was arrested for drug charges, transported to the "precinct" and the paramedics were dispatched because Plaintiff "was hearing voices and exhibiting bizarre behavior."  Defendant Sergeant Gillen was told by paramedics to have Plaintiff taken to the hospital. Defendant Gillen told the paramedics that he was finishing up paperwork, and would take Plaintiff to the hospital afterwards. Instead, Defendant Gillen released Plaintiff.

On September 24, 2001, Plaintiff was issued a notice of a trial date, with trial being set for January 7, 2002.  On January 4, 2002, three days before trial, he entered a medical center in New York for drug treatment.

Plaintiff called the trial judge's chambers requesting a one week adjournment to finish treatment.  The trial judge, defendant DeBello, denied the request.

At commencement of trial, Plaintiff was displeased with his assignment of defendant Foster of the Public Defender's Office as his trial counsel.  Plaintiff was found guilty of all charges on January 11, 2002.  However, the Superior Court of New Jersey, Appellate Division remanded for a new trial, and in October of

2004, Plaintiff was released pending a new trial.  His attorney at that time was a pool attorney, defendant Cutruzzula.

Plaintiff received new charges, and arranged a verbal plea agreement with defendants Cutruzzula, Judge Kenny, and prosecutor Ghezzar.  When Plaintiff appeared to serve his time according to the plea, new charges were issued against him.  Plaintiff states that during the pendency of these new charges, he had problems with defendants Cutruzzula and Kenny, and wrote to defendant Judge Vasquez to have Judge Kenny removed from his case.  Judge Vasquez removed Judge Kenny from the case, and trial started before defendant Judge Theemling, with Plaintiff represented by defendant Bean, a pool attorney.  Plaintiff's mental condition was brought into question during the trial when Plaintiff stated that voices in his head "told him to grab the sheriff's gun and shoot everyone in the courtroom."  After conducting a side-bar with counsel, defendant Theemling refused to suspend the trial and resolve the issue of Plaintiff's mental condition.  Plaintiff lost at trial.

Plaintiff is currently taking medication for anxiety and filed a motion for a retrial.  Liberally construing the complaint, Plaintiff argues that his mental state contributed to his conviction and was not properly dealt with at trial.

Plaintiff asks to be released, for drug treatment, mental health therapy and counseling, transcripts, and vocational training.

**DISCUSSION**

**A.    Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them

4

in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id</u>.

A <u>pro</u> <u>se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 520 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory . . . subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under

color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988);

Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).


**C.   Plaintiff's Claims Will Be Dismissed.**

1.   Plaintiff's Request for Release Will Be Dismissed.

Plaintiff's request for release will be dismissed.  In a
series of cases beginning with Preiser v.Rodriquez, 411
U.S. 475 (1973), the Supreme Court has analyzed the intersection
of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28
U.S.C. § 2254.  The Court held that "when a state prisoner is
challenging the very fact or duration of his physical
imprisonment, and the relief he seeks is a determination that he
is entitled to immediate release or a speedier release from that
imprisonment, his sole federal remedy is a writ of habeas
corpus."  Id. at 500.

In this case, to the extent that Plaintiff asserts that
there were violations in his trial, and asks for release and that
no further charges be entered against him, his claims are not
cognizable in this § 1983 action.  Therefore, in accordance with
Preiser, the claims are dismissable for failure to state a claim
upon which relief may be granted, pursuant to 28 U.S.C. §§
1915(e)(2)(b)(ii) and 1915A(b)(1).

2.   Judges and Prosecutors are Immune from Suit.

The Court notes that judges and prosecutors are immune from suit under section 1983.  See Mireles v. Waco, 502 U.S. 9 (1991) (holding that judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity); Figueroa v. Blackburn, 208 F.3d 435, 441 (3d Cir. 2000)(holding that municipal judge was entitled to absolute immunity when judicial acts were taken in a matter over which judge had jurisdiction); Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983").

Therefore, the claims against defendants DeBello, Kenny, Ghezzar, Vasquez, Lavery, and Theemling, will be dismissed, as these defendants are immune from suit.

3.   Public Defenders and Pool Attorneys are not "Persons" for Purposes of § 1983.

Further, public defenders are not "state actors" for purposes of § 1983 claims.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

7

Therefore, the claims against defendants Foster, Cutruzzula, and Bean must be dismissed.


4.    Claims Against Officers for Refusal of Medical
      Treatment Will Be Dismissed as Time-Barred.

Plaintiff states that defendants Gillen, Waiters, and Johnson, officers in the Jersey City Police Department, "refused Mr. King medical treatment when the EMTs arrived. Also failed to take Mr. King to the hospital for observation and released him instead." According to the complaint, these events occurred on January 10, 2001, more than six years ago.

To begin, Plaintiff's complaint does not allege any facts against defendants Waiters and Johnson. While Plaintiff alleges that defendant Gillen processed him after his arrest and released him, he asserts no facts against the other officer defendants except to say that they denied him treatment and failed to take him to the hospital. These "bald assertions" are not sufficient to withstand sua sponte dismissal. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Further, civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions,

N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  See Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  See Wilson, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (App. Div.) (citations omitted), certif. denied, 172 N.J. 178 (2002).

"However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. at n.9.

Here, Plaintiff asserts that he was denied medical treatment on January 10, 2001. Thus, Plaintiff had until January of 2003 to file his complaint against these officers. This complaint is dated July 31, 2007. Plaintiff alleges no facts suggesting a basis for tolling. Although Plaintiff notes his mental health issues, he has not been deemed insane, and the facts alleged in the complaint do not indicate a basis to toll his limitations period. Accordingly, the complaint against the officers must be dismissed as time-barred.

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed as to all defendants.  An appropriate order follows.


/s/ SUSAN D. WIGENTON
United States District Judge


Dated: 9/4/07